

LENNON, MURPHY & LENNON LLC
Attorneys for Plaintiff
CHINA NATIONAL CHARTERING CORP.
Kevin J. Lennon (KL 5072)
Charles E. Murphy (CM 2125)
The GrayBar Building
420 Lexington Avenue, Suite 300
New York, NY 10170
(212) 490-6050 - phone
(212) 490-6070 - facsimile



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CHINA NATIONAL CHARTERING CORP.,         :

       Plaintiff,                                   :        ECF CASE

  - against -                                             :

ALEXANDRIA NATIONAL IRON & STEEL         :
CO. SAE a/k/a ALEXANDRIA NATIONAL
IRON & STEEL CO.,                                        :

       Defendant.                                 :
------------------------------------------------------------X

## VERIFIED COMPLAINT

The Plaintiff, CHINA NATIONAL CHARTERING CORP., (hereinafter "Plaintiff"), by its attorneys, Lennon, Murphy & Lennon LLC, as and for its Verified Complaint against the Defendant, ALEXANDRIA NATIONAL IRON & STEEL CO. SAE a/k/a ALEXANDRIA NATIONAL IRON & STEEL CO. (hereinafter "Defendant") alleges, upon information and belief, as follows:

    1.    This is an admiralty and maritime claim within the meaning of Federal Rule of Civil Procedure 9(h) and 28 United States Code § 1333. Jurisdiction over this matter is also present pursuant to the Federal Arbitration Act, 9 United States Code § 1 *et seq.*, and also this Court's federal question jurisdiction, 28 United States Code § 1331.

2. At all material times, Plaintiff was and still is an entity duly organized and existing by virtue of foreign law.

3. Plaintiff was at all material times the Owner of the motor vessel "PIERRE LD" (hereinafter the "Vessel.")

4. Upon information and belief, at all material times, Defendant was and still is an entity duly organized and existing by virtue of Egyptian law with a principal place of business in Alexandria, Egypt. Defendant was at all material times the Charterer of the Vessel.

5. By way of a Contract of Affreightment dated May 13, 2005 Plaintiff agreed to supply vessels suitable to carry iron ore cargoes to be supplied by Defendant for shipments between Tubarao or Ponto do Ubo, Brazil to El Dikheila, Egypt to be carried out pursuant to charter parties on the Orevoy form made pursuant to the Contract of Affreightment.

6. Clause 10 of the Contract of Affreightment provided that demurrage[1] would be based on the Baltic Capesize Index, Route C8-03 as of the bill of lading issue date covering the cargo to be carried under the Contract of Affreightment.

7. Certain disputes arose between the parties during the course of the Contract of Affreightment regarding Defendant's failure to pay demurrage due and owing to Plaintiff under an agreed upon charter party for the M/V Pierre LD that was incurred at the load port of Ponta do Ubo, Brazil.

---

[1] Demurrage is a liquidated damage for delay set forth in the charter party that requires a vessel charterer to pay the vessel owner when the vessel is prevented from the loading or discharging of cargo within the stipulated laytime (i.e., the maximum time permitted in the charter party for cargo operations).

2

8. Plaintiff issued an invoice dated February 8, 2007 to Defendant for $251,653.33 in demurrage no part of which has been paid by the Defendant in breach of its obligation under the Contract of Affreightment and charter party.

9. As a result of Defendant's breaches as aforesaid, Plaintiff has and will continue to suffer losses in the total principal sum of $251,653.33, as best can now be estimated, exclusive of accumulated interest, arbitration costs and attorneys fees.

10. The aforesaid Contract of Affreightment at clause 22 provides that disputes arising thereunder will be settled in London arbitration with English law to apply. Plaintiff will commence London arbitration as soon as practicable and serve Claim Submissions therein.

11. Interest, costs and attorneys' fees are routinely awarded to the prevailing party in London arbitration proceedings applying English law. As best as can now be estimated, Plaintiff expects to recover the following amounts:

| | | |
|---|---|---|
| A. | On the principal claim: | $251,653.33; |
| B. | 3 years of interest at 7.5% per annum: | $60,974.82; and |
| C. | Attorneys fees and arbitration costs: | $100,000.00. |
| Total: | | $412,628.15. |

12. The Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendant has, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of garnishees within the District which are believed to be due and owing to the Defendant.

3

13. The Plaintiff seeks an order from this court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, and also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching, *inter alia*, any assets of the Defendant held by any garnishee(s) within the District for the purpose of obtaining personal jurisdiction over the Defendant, and to secure the Plaintiff's claim as described above.

14. The Plaintiff also seeks an Order from this Court recognizing, confirming and enforcing any forthcoming London arbitration award(s) in Plaintiff's favor pursuant to 9 U.S.C. §§ 201 *et seq*.

**WHEREFORE**, Plaintiff prays:

A. That process in due form of law issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Complaint, failing which default judgment be entered against it in the sum of $412,628.15.

B. That since the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds up to the amount of $412,628.15 belonging to, due or being transferred to, from, or for the benefit of the Defendant, including, but not limited to, such property as may be held, received or transferred in Defendant's name, or as may be held, received or transferred for its benefit at, moving through, or within the possession, custody or control of banking/financial

institutions and/or other institutions or such other garnishes to be named, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

C.   That pursuant to 9 U.S.C. §§ 201 et seq. this Court recognize and confirm any London arbitration award(s) or judgment rendered on the claims had herein as a judgment of this Court;

D.   That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof;

E.   That this Court award Plaintiff the attorneys' fees and costs incurred in this action; and

F.   That the Plaintiff has such other, further and different relief as the Court may deem just and proper.

Dated: Southport, CT
       August 23, 2007

> The Plaintiff,
> CHINA NATIONAL CHARTERING CORP.
>
> By: _/s/ Kevin J. Lennon_
> Kevin J. Lennon (KL 5072)
> Charles E. Murphy (CM 2125)
>
> LENNON, MURPHY & LENNON, LLC
> The GrayBar Building
> 420 Lexington Ave., Suite 300
> New York, NY 10170
> Phone (212) 490-6050
> Fax (212) 490-6070
> kjl@lenmur.com
> cem@lenmur.com

## ATTORNEY'S VERIFICATION

State of Connecticut  )
                      )   ss.:   Town of Southport
County of Fairfield   )

1. My name is Kevin J. Lennon..

2. I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3. I am a partner in the firm of Lennon, Murphy & Lennon, LLC, attorneys for the Plaintiff.

4. I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5. The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

6. The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

7. I am authorized to make this Verification on behalf of the Plaintiff.

Dated:   Southport, CT
         August 23, 2007

                                        _____
                                        Kevin J. Lennon